UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLIN ERIC JOHNSON,

        Plaintiff,

v.                                                Case No. 2:23-cv-10979
                                                   Honorable Sean F. Cox

CURTIS IVY,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE**

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Michigan pre-trial detainee Kaylin Eric Johnson, presently confined at the Clare County Jail in Harrison, Michigan, sues United States Magistrate Judge Curtis Ivy for violating his constitutional rights when denying bond in his federal criminal case pending in the United States District Court for the Eastern District of Michigan. Plaintiff seeks monetary damages and dismissal of his criminal case. As discussed below, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) on the basis of immunity. Plaintiff will also be denied leave to appeal *in forma pauperis* because an appeal from this decision cannot be taken in good faith.

**I.**

Plaintiff has been granted *in forma pauperis* status. (ECF No. 7.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C.

§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.

2

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

Plaintiff's complaint must be dismissed because Magistrate Judge Ivy is entitled to absolute judicial immunity.

As the Supreme Court has explained, judges are absolutely immune from damages suits for their "judicial acts" as long as they have not acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Whether an action is "judicial" depends on the "nature of the act itself, i.e., whether it is a function normally performed by a judge," and "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (quoting *Sparkman*, 435 U.S. at 362). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of [the judge's] authority;" if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id*. at 12.

Magistrate Judge Ivy is immune from a suit seeking money damages. The conduct challenged in this case arises from the magistrate judge's role in presiding over Plaintiff's ongoing federal criminal proceeding. Plaintiff alleges that the magistrate judge denied his bond in violation of his constitutional rights. The alleged actions of Magistrate Judge Ivy clearly concern regular judicial functions during the course of a criminal case. Thus, judicial immunity bars any monetary relief.

In addition to money damages, Plaintiff also seeks dismissal of his pending criminal case. Injunctive relief is not available under § 1983, because, under the 1996 amendments to that

statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). To the extent that Plaintiff alleges that a declaratory decree was violated, his allegations are conclusory. Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Plaintiff also does not allege that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Therefore, the civil rights complaint must be dismissed on the basis of absolute immunity.

### III.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: June 15, 2023                                s/Sean F. Cox
                                                                  Sean F. Cox
                                                                  U. S. District Judge